UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DWAYNE JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:24-cv-00176-MTS |
| ) | |
| AUTRY MORLAN CHEVROLET, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss this action. Doc. [12]; *see also* Fed. R. Civ. P. 12(b)(6). Plaintiff did not oppose the Motion, and his time to oppose it has passed. *See* E.D. Mo. L.R. 4.01(B). The Court has reviewed Plaintiff's Complaint and Defendant's Motion and has considered them with the proper standards in mind. *See Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (explaining standard of review on motion to dismiss for failure to state a claim); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). The Court concludes that Plaintiff's Complaint fails to state a plausible claim for relief. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (explaining that though a plaintiff "need not plead facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss," the complaint still must contain enough facts to state a claim to relief that is plausible on its face); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] complaint that states a plausible claim for relief survives a motion to dismiss.").

Plaintiff's failure to oppose the Motion to Dismiss further supports this conclusion. *See Scott v. State of Tennessee*, 878 F.2d 382 (6th Cir. 1989) (per curiam table decision) ("Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious."); *Farraj v. Cunningham*, 659 F. App'x 925, 927 (9th Cir. 2016) (mem.) (affirming the district court's dismissal of plaintiff's complaint "based on his failure to oppose the motions to dismiss"); *see also Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475, 476 (8th Cir. 2001). Without anything to the contrary from Plaintiff, the Court agrees dismissal is appropriate largely for the reasons stated in Defendant's Motion. *See Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667 (D.C. Cir. 2017) (explaining "our adversarial system relies on the arguments presented in the parties' briefs"); *Niemi v. Lasshofer*, 728 F.3d 1252, 1259 (10th Cir. 2013) (Gorsuch, J., for the Court) (noting that under our adversarial system, courts "don't usually go looking for trouble" but instead "rely on the parties").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [12], is **GRANTED**.

An Order of Dismissal will be entered herewith.

Dated this 10th day of December 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE